**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DONALD MASCIO, Inmate #B15769** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 08-682-GPM** |
| ) | |
| **ASSISTANT WARDEN HODGE,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate now confined at Pinckneyville Correctional Center (PCC), wants to proceed *in forma pauperis* on appeal (Doc. 15). Although he submitted a certified copy of his prison trust fund account statement from PCC, that account statement only goes back to November 10, 2008, the date on which Plaintiff apparently was transferred from Lawrence Correctional Center to PCC. Plaintiff has **not** submitted a certified copy of his prison trust fund account statement for any time period prior to November 10, 2008 – yet the Court's records indicate that Plaintiff was confined before that date.

Section 1915(a)(2) requires Plaintiff to submit his trust fund account statement for the **entire** six-month period immediately preceding the filing of the notice of appeal. In this case, Plaintiff is required to submit his trust fund account statement from July 28, 2008 (six-months prior to January 28, 2009). If Plaintiff has been transferred from one facility to another during that time period, he must obtain a copy of his inmate account statement from **each** facility.

**IT IS THEREFORE ORDERED** that Plaintiff shall submit, within **THIRTY (30) DAYS**

of the date of the entry of this order, a certified copy of his prison trust fund account statement for the entire six-month period immediately preceding the filing of the notice of appeal.  Plaintiff is **ADVISED** that in the event he has been transferred among institutions during this six-month period, it is Plaintiff's responsibility to obtain a copy of his prison trust account statement from each such facility and to forward it to the Court.

Plaintiff is **FURTHER ADVISED** that his obligation to pay the $455 filing fee for this appeal was incurred at the time the notice of appeal was filed; such an obligation will exist whether or not Plaintiff is granted leave to proceed *in forma pauperis* on appeal.  *See Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997), *overruled on other grounds*, *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).  **Failure to file certified copies of all the prison trust account statements required by 28 U.S.C. § 1915 (a)(2) within thirty days will be construed as equivalent to a decision to dismiss the appeal.**  *See Thurman v. Gramley*, 97 F.3d 185, 187 (7th Cir. 1996).

**IT IS SO ORDERED.**

DATED:  02/17/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge